EDMUND HAMMOND <i>v.</i> WILLIAM H. HAZARD.

A case made, as the basis of a motion for a new trial, cannot be turned into a bill of exceptions without leave of the court, nor unless the privilege is granted *at the trial* of the cause.

This is the general rule, although it may have been, in some instances, (in this and other courts,) disregarded.

The court have power to relax this rule, and, as matter of favor, grant such leave after the trial, when the ends of justice seem to require it; but the circumstances must be very special.

Hammond v. Hazard.

The court should interpose *no obstacle* to the fullest re-examination and review of any adjudication which can be discussed on appeal; but if they have no reasonable doubt of the correctness of the judgment, the prevailing party ought not to be delayed and put to further expense by a *favor* granted to his adversary, without just cause.

Where, upon the settlement of a case, the attention of the party was called to the question of his right to turn the same into a bill of exceptions upon the denial of his motion for a new trial, and he was then in effect left to elect whether he would make a case or a bill, or at once move to insert into the case leave to turn it into a bill; it was *held*, that his application for such leave, after the motion for a new trial was denied, was properly refused.

THIS was a controversy relating to the ownership and earnings of a ship. The plaintiff obtained judgment for an interest of one sixth in the same, amounting to about $4,000. The defendant moved for a new trial at special term, upon a case. The motion was denied, and the decision thereon was affirmed at the general term. The defendant, desiring a review in the court of appeals, then moved for leave to turn the case into a bill of exceptions, the power to do so not having been reserved. The court, at special term, refused to grant the permission, and an appeal was taken to the general term.

*William Mulock* and *Francis B. Cutting*, for the defendant.

*Charles L. Benedict* and *Erastus C. Benedict*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—Permission to make a case with leave to turn it into a bill of exceptions, for the purpose of seeking a review in the appellate court, not only depended upon the discretion of the court, but was always a matter of especial favor. A disposition to indulge parties and counsel may have made such permission a matter of frequent, perhaps of even *common*, occurrence; but, properly speaking, it was only granted upon the idea that there was some peculiar reason why the party should be allowed a *double* review—one by motion for a new trial, addressed in a high degree to the discretion of the court, and in which questions of law, not raised by exception, could be discussed, and all the facts with

the weight of the evidence and other matters considered, admitting of a wide range of argument. The other by writ of error on a bill of exceptions, upon which the party was confined strictly to an examination of the questions of law distinctly raised thereby.

The judge who tried the cause was eminently qualified to say whether any sufficient reason existed for this indulgence, and the very time of the trial was the most suitable occasion to determine the question; while every question that had arisen, and every incident that had occurred, and the very complexion of the whole case, were in immediate view.

If the judge perceived that the interests involved were important, that the questions raised by exception admitted of grave doubt, and that it might also be seriously questioned whether the party was not entitled to a new trial upon grounds peculiar to a motion therefor, he would grant the indulgence, and relieve the party from the rule of the courts in England and of some of the states in this country, that if the party elected to move for a new trial, and so address himself to the court upon the broader field of inquiry, involving their legal discretion, he must waive his exceptions.

Hence the rule, that the party must obtain the desired leave, at the trial, or he will be compelled to abide by his motion on a case. It is true that this rule has, in some cases, been dispensed with in this court, and the cases referred to by the counsel for the appellant (*Oakley* v. *Aspinwall*, 1 Sandf. Supr. Ct. R. 694, and *Slocum* v. *Fairchild*, 7 Hill, 292) show that in the supreme and superior courts the rule has been in very special cases relaxed. But both of these cases were peculiar, and are not to be regarded as altering the general rule. On the contrary, the rule is so uniform in the supreme court, that it is doubtful whether another case can be found, in which that court have not refused to grant such leave after a motion for a new trial has been denied.

Admitting, however, in the fullest manner, that the court have the power to grant the motion, a very cautious discretion should govern its exercise. It is no legal right that is sought,

Hammond v. Hazard.

and the adverse party ought not to be vexed with much litigation through *favor* shown to the other, without reasons quite sufficient.

The court should interpose *no obstacle* to the fullest re-examination and review of any adjudication which can be discussed on appeal; but if they have no reasonable doubt of the correctness of the judgment, they ought not to forget that the prevailing party has a right to immediate payment, and ought not to be delayed, harassed and put to further expense by a *favor* granted to his adversary without just cause.

Entertaining these general views in regard to applications of this description, I quite agree with the first judge in the result to which he arrived in considering this motion at the special term.

The " case " has not been laid before us on the appeal, and I therefore forbear any discussion of the merits of the action. It is not clear, from the affidavits, what exceptions were noted at the trial, or whether the appellant now seeks to raise exceptions not contained in the case made by him.

If the matters stated by the defendant's attorney in his affidavit are such as might entitle him to the favor sought under other circumstances, I think that the conceded facts, that at the very time when the case was settled (some eighteen months ago or over) his attention was called to the question now raised, and that by that settlement he was in effect either called upon to elect whether he would make a case or a bill, or if he deemed the judge in error as to what transpired on the trial, then to present a proper motion founded upon the circumstances now alleged as reasons for granting this motion; ought to be deemed conclusive against him.

I think the order appealed from should be affirmed, with $10 costs.

Order affirmed with costs.